# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JAMES FREDERICK BARNES                    *

Plaintiff                                 *

v                                         *            Civil Action No. RDB-10-2525

MAYOR STEPHANIE RAWLINGS-BLAKE, *et al.*
                                          *
Defendants

***

## MEMORANDUM OPINION

Plaintiff James Frederick Barnes ("Barnes") filed a Complaint pursuant to 42 U.S.C. §1983.  Defendants Stephanie Rawlings-Blake and Frederick H. Bealefeld, III, by their attorneys move to dismiss the Complaint.  ECF No. 13 and 16.  Counsel for Officer Jermaine H. Cook ("Cook"), moves separately to dismiss.  ECF No. 28.   After review of the pleadings, exhibits, and applicable law, the Court determines that a hearing is unwarranted.  Local Rule 105.6 (D. Md. 2010).  For the reasons that follow, the Motions to Dismiss filed by Defendants Rawlings-Blake and Bealefeld (ECF No. 13 and 16) will be GRANTED, and Defendant Cook's Motion to Dismiss (ECF No. 28) will be GRANTED IN PART and DENIED IN PART.

## Background

Barnes claims that in "mid-October 2008" he was approached by a male and female police officer while sitting on the front porch of a friend's house on East Chase Street.  The male officer, whom Barnes initially identified as Officer Cain[1] but later identified as Officer Jermaine Cook, approached Barnes on the porch and asked if he lived there.  Barnes replied that he did not, and Cook stated he had received a complaint that someone was selling drugs from that address.  Cook then asked Barnes to submit to a search.  Barnes states he submitted voluntarily

---

[1] Officer Cain was dismissed from the case on March 16, 2011.  ECF No. 24.

to the search because he knew he had not done anything wrong. Upon failing to find anything on Barnes's person, Cook became angry, accused Barnes of swallowing a plastic bag containing heroin, and placed him under arrest. ECF No. 1 at pp. 9 –10.

Barnes states he was restrained with handcuffs behind his back, led to a police car, put into the back seat and driven away. When the car stopped at the corner of Edison highway and East Biddle Street behind an abandoned building, Barnes claims Cook grabbed him by the throat and ordered him to "spit it out." *Id*. at p. 10.

When Barnes did not comply with the Order, he claims Cook started punching him in the chest and threw him to the ground, where Barnes was kicked repeatedly. Cook called for back up on his radio and another officer, whom Barnes does not name, arrived. Cook explained to the third officer that he thought Barnes had swallowed something. The other officer knelt down and told Barnes that if he didn't "spit it out" he would "taze" him. Although Barnes claims he explained there was nothing in his mouth to spit out, the officer made good on his threat and deployed an electronic tazor gun, shocking Barnes several times until he passed out. Barnes claims the female police officer failed to intervene during the assault. *Id*. at p. 11.

Barnes alleges that the assault required his hospitalization at Johns Hopkins Hospital. When he awoke, he found himself restrained to the hospital bed at the right ankle. Upon regaining consciousness the staff at Johns Hopkins ran various tests including x-rays of his stomach as well as blood tests to detect illegal narcotics. Barnes claims his injuries, described as multiple contusions to his right side, lower back and right side ribs, were so extensive that he was required to stay in the hospital for one week. All tests performed for the detection of illicit drugs returned a negative result. *Id*. at p. 12.

Plaintiff was arrested for possession of controlled dangerous substance on the day of his release from the hospital. He was taken to Central Booking where he was held for 12 hours and released without being formally charged. *Id*. at p. 13. Barnes seeks monetary damages for claims of false arrest, assault, attempted murder, false imprisonment, and invasion of privacy. *Id*. at pp. 13 – 14.

Defendant Cook alleges that on April 10, 2008, he responded to the 2600 block of East Chase Street after receiving a report that an African-American man wearing a black sweat-suit was selling illegal narcotics from a porch. Cook claims upon his arrival to the area he observed Barnes, who matched the description of the suspect. When Cook approached, he saw Barnes place small items consistent in size and shape with illegal narcotics into his mouth and swallow them. Cook arrested Barnes, charging him with possession of illegal narcotics, and arranged for his emergency medical care. ECF No. 28.

## Standard of Review

Defendants seek to dismiss Plaintiff's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In reviewing the Complaint, the Court accepts all well-pleaded allegations of the Complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to Plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir.

2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States recently explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Nonetheless, the Complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 1964. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 197.

## Analysis

Defendants Rawlings-Blake and Bealefeld are not mentioned in the Complaint and there are no allegations of their direct involvement in the alleged assault on Barnes. Liability of supervisory officials "is not based on ordinary principles of *respondeat superior*, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.' " *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir.2001) *citing Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3)

4

there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994). Plaintiff has not alleged any action or inaction on the part of Defendants Rawlings-Blake and Bealefeld that resulted in constitutional injury; thus, the Motions to Dismiss filed on their behalf shall be granted.

Defendant Cook alleges entitlement to dismissal because: Barnes failed to file a notice required by Maryland's Local Government Tort Claim Act; the assault claim is time-barred; there is no cognizable cause of action for attempted murder; and Barnes failed to allege the essential elements of a claim of invasion of privacy. ECF No. 28.

"[A]n action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury." Md. Cts. & Jud. Proc., Code Ann. §5-304(b)(1). Defendant Cook asserts Plaintiff has failed to comply with the notice provicsions of the Act, causing prejudice to his defense of the claims against him. ECF No. 28. Plaintiff does not dispute that he failed to file a notice as required by Maryland law. The claim for invasion of privacy, assault and any other claims of negligence or state constitutional claims[2] covered by the Local Government Tort Claim Act must be dismissed.

Maryland's general statute of limitations is three years from the date of occurrence.[3] *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101. The limitations period for assault is one year. *See* Md. Code Ann., Cts. & Jud. Proc., §5-105. Barnes's claim in this Court was filed more than two

---

[2] *See Thomas v. City of Annapolis*, 113 Md. App. 440, 457 (1997) (local tort claims act applies to all torts without distinction).

[3] Claims for false arrest and false imprisonment are governed by the three-year statute of limitations period.

years after the alleged assault and is time-barred. The inartfully-pled claim for attempted murder shall also be dismissed. The claims for false arrest and false imprisonment, however, appear to be timely filed. [4]

Liberally construed, Barnes raises a Fourth Amendment claim with respect to false arrest and false imprisonment. It has been consistently recognized that the Fourth Amendment protects a citizen's right to be free from unreasonable seizures. *See Valladares v. Cordero*, 552 F.3d 384, 388 (4th Cir. 2009). The Complaint describes conduct by Cook which, if proven true, is conduct outside the scope of his employment. To assert such a claim, Barnes is not required to comply with the notice requirement found in the Local Government Tort Claims Act. *See Downey v. Collins*, 866 F. Supp. 887, 890 (D. Md. 1994) (notice requirement inapplicable as to federal constitutional claims against police officer in his individual capacity). Cook does not address Plaintiff's Fourth Amendment claim; therefore, that claim shall proceed.


June 28, 2011                                    /s/_____
Date                                                     RICHARD D. BENNETT
                                                              UNITED STATES DISTRICT JUDGE

---

[4] A claim of unlawful search and a claim of excessive use of force during an arrest accrue on the date of the alleged incident. *See Gray v. State of Maryland*, 228 F. Supp. 2d 628, 635 (2002). A claim for false arrest accrues on the date of initial appearance before a neutral magistrate. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007).