IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2011 SEP 13 P 12: 10
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

| | |
|---|---|
| JAMES FREDERICK BARNES | * |
| Plaintiff | * |
| v | *   Civil Action No. RDB-10-2525 |
| MAYOR STEPHANIE RAWLINGS-BLAKE, et al. | * |
| Defendants | |

\*\*\*

## MEMORANDUM OPINION

Pending are Defendant Cook's Supplemental Motions to Dismiss. ECF No. 36 and 42. For the reasons set forth below, the Court will DENY the motions and set the matter in for trial.

The Motion to Dismiss regarding the assault claims against Defendant Cook is moot; this Court dismissed the assault claim as time-barred on June 28, 2011. ECF No. 32 and 33. The only claims not dismissed by the Court in the June 28, 2011 Memorandum Opinion is Plaintiff's Fourth Amendment claims regarding false arrest and false imprisonment. Cook's second Motion to Dismiss seeks dismissal of this claim for failure to comply with the Local Government Tort Claims Act (LGTCA). ECF No. 42. Cook does not respond to the merits of that claim.

In support of his argument that the Fourth Amendment claims must be dismissed, Cook cites *Luy v. Baltimore Police Dep't*, 326 F. Supp. 2d 682, 693 (D. Md. 2004) which, he asserts holds that the LGTCA applies to federal constitutional claims. The assertion is erroneous. *Luy* involved a police officer's claim that he was wrongfully terminated. This Court held that Luy's federal Fourteenth Amendment due process claim failed because he could not establish a liberty interest in maintaining his employment. *Id.* at 690. The only claim that was dismissed for

failure to comply with the LGTCA notice provisions was the defamation claim raised by Luy.[1] *Id.* at 693. Indeed all of the cases referenced by Cook apply the notice provisions of the LGTCA to state constitutional claims, not federal claims. *See Curtis v. Pracht*, 202 F. Supp. 2d 406, 418 (D. Md. 2002) (dismissing federal Fourth Amendment claim because defendants were not state actors; separate dismissal of state constitutional claims for failure to satisfy LGTCA notice requirements); *Thomas v. City of Annapolis*, 113 Md. App. 440, 688 A. 2d 448 (Md. App. 1997) (applying LGTCA to intentional torts of defamation and invasion of privacy); and *Ashton v. Brown*, 339 Md. 70, 108, 660 A. 2d 447, 466 (Md. 1995) (discussing claim under Maryland Declaration of Rights, Art. 24). Thus, as this Court stated in it prior opinion, the LGTCA notice requirement does not apply to the federal constitutional claim against Cook in his individual capacity.

The Motions to Dismiss will be denied by separate Order. Plaintiff will be granted 21 days from the date of this Order to file a Motion for Appointment of Counsel and the case will be set in for a trial after that period of time expires or counsel is appointed.

September 13, 2011
Date

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[1] It is not difficult to discern the distinctions between the Court's treatment of federal constitutional claims and state claims in *Luy*. Thus, it is perplexing to the Court why counsel would make such a specious argument unless it is an attempt to catch a self-represented litigant without access to a law library. Counsel is cautioned that such tactics, if proven, will not be tolerated by this Court.

2